William Sansoni is here for the appellate Sean Sikinen is here for Applelea When you're ready Mr. Sansoni you may begin Thank you your honor, may it please the court It is truly an honor to be here especially in the Judge Gerald Choflat courtroom in front of Judge Choflat himself that is truly an honor My name is Bill Sansoni and I represent Mr. Devon Cohen I was also trial counsel The facts in this case are essentially uncontested I'm going to run through them very, very briefly Mr. Cohen was actually given permission to of the vehicle He was stopped by law enforcement for running a stop sign He pulled into a parking lot got out of his vehicle and started walking away Law enforcement asked him to come back He did not come back He was arrested for resisting an officer without violence The officers ran his driver's license and his driver's license was suspended The police conducted an inventory search at the parking lot and had the car towed to the Tampa Airport where Enterprise was Post Miranda Mr. Cohen admitted he was in possession of that weapon and he is a convicted felon The government he was later indicted for one count felon in possession I filed a motion to suppress based on the deviation from the Tampa Police Department standard as to the inventory search and the court denied the motion to suppress on two grounds One is the government raised standing and I actually filed a reply brief as to that and the district court found that because Mr. Cohen was not on the rental car agreement and was driving on a suspended license he had no reasonable expectation of privacy and therefore he lacked standing and if on the second basis was even if he did have standing the Tampa Police followed its standardized procedures and doing the inventory search I would like to address the standing issue as to the rental car issue Mr. Cohen was not on the rental car agreement but after the Supreme Court's decision in United States v. Byrd that court held that even if the person is not listed on the rental car agreement okay as long as there's not something else going on like a straw man situation that does not remove standing for that person to raise a Fourth Amendment argument Now so our position is as to the rental car agreement it was uncontested Sheila Brewer testified at the motion to suppress she had the rental car for a couple weeks because her car was broken and she allowed her girlfriend's her daughter's boyfriend to drive it so as to the rental car issue believe that is foreclosed by United States v. Byrd Yes your honor so in Byrd the Supreme Court rejected a proposed rule that the sole occupant of a rental car always has an expectation of privacy in it based on mere possession and control and the court noted that this ambit thieves and others who falls into the others category well I believe in Byrd it was remanded the case was remanded to the district court to decide whether there was a straw man situation and my understanding of the straw man situation would be is if a defendant did not have any ability to rent a car so he sent somebody in to essentially rent a car for him and that the person renting it would never be able to would never be able to rent a car and was never the person who is renting was never even intending to drive the car walk out give the keys to the defendant my position and I think Byrd highlights is because the Supreme Court says a car thief a burglar applying its trade or others so a straw man situation would be would fall within that type of other our position is driving on a suspended license does not equate to a car thief or a burglar applying its trade and I actually think in United States v. Walton which is the Seventh Circuit case 763 F third 655 it was actually cited by the government it's the court here followed the Second Circuit's decision in Lyle right so if we were in the Second Circuit you'd be out of court because you're not in lawful possession if you're driving the vehicle without a valid driver's license and therefore you have no reasonable expectation of privacy that is a but you say the court should have followed the Eighth Circuit decision in Bettis because you don't you look to whether or not you have a possessory interest in the car is that right correct driving on license suspended does not affect your possessory interest or your ability to exclude others there are a vast amount of reasons that somebody's driver's license is suspended failure to pay a red light ticket child support our position is merely because your driver's license got suspended and you chose to drive a car that does not equate to the level that the United States Supreme Court was talking about a burglar applying its trade an ambit of thieves now if you go with the Second Circuit's reasoning driving under the influence would be you would remove all Fourth Amendment protection because this as the Second Circuit says and as the government says in their brief that Mr. Cohen shouldn't have been driving any car because he was driving on a suspended license but if you take that logic anyone driving on a suspended license I mean driving under the influence shouldn't be driving any car so the analysis there would be no Fourth Amendment analysis if a person was driving a car impaired because they shouldn't be driving any car in the Seventh Circuit actually highlights this very well in United States v. Walton and let me just read this quote the Seventh Circuit says quote first perhaps Heywood and Figueroa Espana those two cases that the the parties had brought up stand for the position that a driver with an invalid license loses an expectation of privacy in any car after all driving without a suspended license is illegal but the Seventh Circuit says that principle cannot be correct a driver of a car does not lose all Fourth Amendment protection simply because his driver's license is invalid the district judge in here just followed the wrong circuit analysis you say the court should have followed the analysis that we see in the Seventh and the Eighth Circuit decisions and not in the Second Circuit decision yes your honor but let me ask you this this question now assuming that assuming that he has step standing to challenge the search of the automobile why wouldn't the good faith exception to the exclusionary rule apply to this case well judge the the only basis that gave the officers entry into the car was the inventory search because he was out of the car he was walking away this wasn't a search incident to lawful arrest so if you're asking about the the the it's absolutely crystal clear two types of impounds there's a police impound where the car is impounded to the police department and there's a rotation impound where the car is impounded to the wrecker's lot those are the only two types of impounds under the Tampa police procedures why would the why would the policy apply if the car was searched at the scene well because the Tampa police procedures and your honor in is this true that the car was searched at the scene it was searched at the scene but they were doing an inventory search and the police procedures only the Tampa police procedures there's only two types now the government calls it a court they did that is because of rental agency wanted the car back right they were that's why they did it that's that is why otherwise they were taking it downtown I suppose correct your honor but if you look at and impounded the car the the the the tow truck took it to the Tampa Airport but if you look at this case if you look at the problem is is the government wants this court argument is they can't do a inventory search because it went back to the correct the Tampa at all the Tampa police procedures don't call for that they they only call for two types of impounds in this procedure specifically say the impounding officer will determine whether the impound is a police impound or rotation impound there was no to do an inventory search the only because mr. Cohen wasn't in the car he was away from the car the only authority that gave the officers that doesn't make any sense does it well if it doesn't make any sense to me anyway well here's here's the the argument the United States Supreme Court in Florida v Wells and let me just draw this out very quickly the defendant was arrested for a DUI the car was towed to the police impound the officers went into the trunk and opened up a locked suitcase the Supreme Court held there were no procedures in place didn't decide it on a reasonable basis said there was no police procedure for opening locked suitcases so therefore the standardized procedures were not followed and we found that that we found they found the search to be illegal that the question is not just it's not just reasonable the Supreme Court specifically said let me ask you about that because that's that's an entirely different situation that's where they encountered a locked item within a car here it seems to me you are questioning the decision of the officers to tow the car to the rental company which may have been a deviation of the officers decision to impound the rental or the mechanics of the search you're just saying you know once the officers towed it to the back to the owner that was the deviation if the officers were entitled to impound the car and search the car I guess I'm not following what you're what the basis for your objection here well the problem is that the it has to follow the police procedures and in the district court there was absolutely no testimony at all about why the officer did not either find it it was going to be a rotation impound or a police impound he sent it somewhere else and decided to do an inventory search and there was no testimony as to what gave him the ability to do that they were entitled to impound the car correct yes and they were entitled to do an inventory search of the car correct only under a police or rotation impound but you were you will concede they get to do an inventory search correct correct I do so it's only because they sent it to the rental car company that has caused this concern this error in your mind yes your honor they had taken it downtown to the police a lot let's say did the search and then sent it to enterprise that would be all right yes your honor I believe so and and because they would have apps they would have followed the procedures the the the question I know you judge branch and judge Joe flat it's very procedural but we can't dispense with when the Supreme Court says you must follow the standardized procedures we can't just dispense with the standardized procedures and says well we just think it's reasonable even though the procedures weren't followed that's our position all right thank you mr. Sanzoni we'll hear from mr. C Kenan good morning your honors may it please the court Sean see I can in for the United States I'd like to start on the inventory search itself it doesn't matter that the car was towed to enterprise after the inventory search had been conducted and that is undoubtedly what happened here because none of the evidence that mr. Cohn seeks to suppress was found as a result of the car being towed enterprise the policy that because the car was searched at the scene yes the policy which mr. Cohn does not contest shows that police were required to impound the car not just permitted but required to impound and therefore to inventory the contents of the car because mr. Cohn had been arrested and there was no one else on scene to release the car to so under the policy police might have three options after arresting the sole occupant of a vehicle in a situation like this but only one of them was allowed here and that was impoundment the other potential options could have been number one leaving the car where it was parked or number two releasing it to a legally licensed driver already on scene but neither one of those options would have been allowed in these circumstances because number one aside from the fact that both of those options under the policy required quote competent consent of the vehicle owner which Cohn obviously could not provide the policy further prohibited police from leaving the car on private property mr. Cohn does not dispute that this is parked this car was parked on private property and the policy also says the police will not call other people wait for other people to arrive on scene as an alternative to impoundment so where's the evidence in the record that the police department followed standard operating procedures the policy the policy itself the only thing they did was submit the policy there was no evidence in the record that they followed the policy because mr. Cohn did not dispute the policy so maybe I should take a step back here and I'd like to talk about everything that was presented to the district court on on the inventory search issue and first my opposing counsel said earlier that he moved to suppress because on the grounds that there was a deviation from this policy and that that's not right his motion to suppress didn't make any reference to the policy didn't allege any violation of the policy the motion to suppress simply argued that the inventory search was invalid because police could have done all these other things supposedly with the car rather than impounding it and then all the government did was introduce the policy in evidence and there was no opposing mr. Cohn's motion to suppress yes that is it yes so well if I could we have in the record is the policy we don't have any evidence that the policy was followed well and there's a reason for that your honor after mr. Cohn filed his motion to suppress arguing that the inventory search was invalid because of all these other potential alternatives we responded by then providing this policy to the court and this is not a case where the issue was not simply that the policy permitted the police as an exercise of their discretion to choose to impound and inventory the vehicle in this case but more than that based on the uncontroverted uncontested facts that were presented to the district court in the motions and at the hearing the policy made clear on its face the police had no alternative the police were indisputably required to impound and therefore inventory the vehicle on the face of the policy so that much is apparent when we by the time that we file our response to his motion to suppress mr. Cohn then files a reply in support of his motion in which he does not object to the policy he doesn't argue that it was invalid he doesn't argue that it wasn't followed the reply brief only addresses the standing issue and then I would say as to the decision to impound and the mechanics with which the search was conducted that the court that that factual finding was supported by mr. Cohn's admission or failure to object it was it was just that that part is not an issue in the hearing he did was he didn't object to the admission of the policy into evidence did he concede or consent that the policy was followed I would say yes so this this was not explicitly discussed at the hearing but I would like to further discuss what was what did happen at the hearing so after mr. Cohn had argued in his motion that the inventory search was invalid because of all these other alternatives that could have happened rather than impoundment then we provide to the court the policy showing though that's not the case the court the police were required to impound and inventory and in response to that at the hearing what he argues is simply that the car had not been impounded at all which was different than what he had argued in his in his motion to suppress and is different than what he argues now in this court at the hearing I think this is in pages about three to three to five of the hearing transcript he argues that that the police had supposedly called Enterprise to come pick the because the police had never taken the car into custody there had not been an impoundment well again that's different than what he argued in his motion to suppress and it's different than what he can what he's argued in his brief here it's different than what he's what he's conceded just now I don't think there's any real dispute that the vehicle was impounded so at no point in his motion to suppress or at the hearing did he ever take any issue with the validity or the applicability of the inventory search policy or whether it was followed with respect to number one the decision to impound or number two the mechanics of the search and this court has held in salmon's that with respect to impoundment that all that is necessary is that the court or excuse me that the police follow standard procedures with respect to that decision to impound in the same way that they have to follow standard procedures with respect to the mechanics of the search and I think it would be quite an extension and it would lead to some bizarre results if this court were to hold that in a situation like this that an otherwise valid reasonable impoundment and inventory search can be retroactively nullified by something that then happened to the car after it had already been impounded and after the search was was completed and that's what happened here and that's not in dispute the police impounded the vehicle after when they arrested mr. Cohn they were required to conduct the inventory search which they did unseen this this is not in dispute and the only the only issue the only deviation here is that the policy said that the car should have been returned to the the tow truck company lot there's not I don't think there's any dispute from the face of the policy or the undisputed facts in the record it is clear that this was a rotation impound not a police impound not and also not some other type of impound the policy makes clear every impound is one of those two things police or rotational and in either case police are required to conduct an inventory search and that makes sense because the purpose of an inventory search two main purposes to protect police from claims of lost or stolen property and to protect police from from danger there could be explosives or bombs or firearms and in a vehicle that is impounded as there was in this case and those concerns equally justify conducting an inventory search of a car that is impounded whether it's taken to the police impound lot whether it's taken to the tow truck company's lot or even whether it's returned to Enterprise let's go back to standing sure and the Eighth Circuit's decision in bed it seems at least to me to make more sense than the Second Circuit's get stopped in a rental car that you're authorized to drive let's say you've got a your stop for a taillight out or you didn't use your blinker you cross the center line it seems absurd to say you're not in lawful possession efficient to have well bird made clear that being in lawful possession is not enough what's required is loft is lawful possession and control lawful possession and control well he actually he clearly had control but was it lawful so let's let's take another step back and I would point out that before bird which was a 2018 opinion so what if you you cross the center line you're telling me that you're not in lawful possession or control I am NOT saying that not at all what's the difference the only thing that crossing the center line and driving with a suspended driver's license they're both traffic violations because Fourth Amendment standing depends on whether someone has a objectively reasonable expectation of privacy in the vehicle that means according to bird and other precedent from the Supreme Court in this court that it's the sort of expectation of privacy that society is willing to recognize as appropriate and legitimate and I think that no one would dispute that society would recognize that somebody who drives over the center line or even who is convicted of DUI nevertheless had a legitimate expectation of privacy in the vehicle when they got into the vehicle and what if your driver's license expires while you're driving the car that's that that's another that's another good point of distinction your honor and I want to clarify that the rule that we're proposing here is a general rule as the Supreme Court held in bird what we're asking is that this court hold is a general matter that an unlicensed that someone who knowingly operates a motor vehicle without a valid driver's license and knowingly operates excuse me a rental car without a valid driver's license when they know that they're not authorized to rent it suppose the person driving the car is the one who rented it or his own car oh he's got an expectation of whether or not he crossed the center line you great yes if he was on the rental or doesn't have a license if he's you drive your own car yes just your license expired you have an expectation of privacy why not so meanings if he was an authorized driver but an unlicensed driver authorized authorized driver but but doesn't doesn't have a license that's current well that would be a more difficult question and I think that would also be my under betters under betters he's got an expectation of privacy well I don't know that Bettis clearly addresses that scenario understand that but they're they're addressing the right to possess the car yes okay the owner surely has a right to possess or the one who rent rents the car has a right to possess it yes and your argument is is because the license may be expired he has no expectation of privacy no no that's that's oversimplifying our argument argument is that someone who is right let's suppose he had permission to drive the car so you don't have that problem what then we would not be arguing if he was an authorized driver then we would not be arguing that he lacks standing we was both unauthorized by the rental company and did not have a valid driver's license and to be more specific what suppose he had a valid driver's license yes does he have standing yes and to be specific what turns on it turns on something other than possession is actually under bird lawful possession and control is one of the key touch touchstones that courts look to but bird makes clear that that's not the only thing that matters because as as the court held in bird someone who steals a rental car or someone who is a burglar who's trespassing or others back up a minute he didn't have a license and that standing alone is enough to deprive him of an expectation of privacy is that right that's not what I'm arguing no well you just said it's two things yes couldn't drive the rental car and he didn't have a license unauthorized and unlicensed yes okay let's so I'm licensed is enough to kill the right to the expectation I take and no standing well if if the court were to adopt that view then yes mr. argument no I'm not you're making it a two-pronged argument the first thing is relevant that he didn't have a license yes okay but only because he was also an unauthorized driver of a rental car we're not arguing that any unlicensed driver automatically loses standing we're only arguing that the other unlicensed unlicensed is irrelevant well if this court thing if the court finds it's irrelevant and yes and there would be standing our argument is that I want to know whether it's relevant yes I did relevant and that and that and that kills the standing because in addition to being on off unlicensed mr. Cohn was also an unauthorized driver it's not just one or the other we're only if he had been authorized and he doesn't have a license he has standing is that your argument yes okay he had the authority of his girlfriend's mother who rented the car to drive the car so he I don't understand he was an authorized driver well so this is yes so the specific rule that we are requesting here is that someone who drives a rental car without a driver's who knowingly operates the rental car without a driver's license and without the permission of the rental company in violation of of the rental agreement knowingly does so as the record shows that that is that is what eviscerates the expectation of privacy so in this case the record makes clear that Cohn knew that he was unlicensed because he had what if he forgot his driver's license at home and he's a block away and he forgot his driver's license which seems pretty similar to driving with a suspended driver's license you got a heavy driver's license to drive a car under the time you're saying under our test then he would still have an expectation of privacy because the the test that we're proposing would look to whether someone knowingly operated a rental car knowing that they were unlicensed and also that they were not allowed to be in the rental car in the first place that's the test that we're proposing your argument is that the no not not period your honor because our argument is that he's unlicensed and he's unauthorized both of those things in combination that's that's all if he's off if he's off if he's authorized it doesn't matter what he has license or not he has expectations that's your argument the key to your argument is whether he's authorized to drive the car it's both both things that are key to our argument because without one or the other we would not be arguing that he lacks standing and to reiterate whether or not he has standing this was a reasonable and proper inventory search for the reasons that we've discussed so this court doesn't necessarily need to address the standing question but if it does we would suggest that it should adopt the rule that we proposed and to get to the courts I see my time is up but I just want to clarify that I think the court was exactly right this court if it addresses the standing question we'll have to decide whether the category of one of those quote-unquote others that the Supreme Court identified in Byrd and we think for the reasons of our brief in our brief that he does thank you counsel we have your argument thank you yes thank you may it please the court your honor mr. Cohn the appellants position is that mr. Cohn was an authorized driver under the United States v. Byrd the facts are uncontested in front of the district court this isn't a straw man situation miss Sheila Brewer allowed her daughter's boyfriend to drive the car at that point he isn't authorized he is authorized because Byrd said we're not get United States Supreme Court Byrd said we're not going to get into whether you violated a rental car agreement just to decide Fourth Amendment standing so our position is he is authorized so the only issue would be whether if driving on a suspended license equates to unlawful possession or unlawful presence and as the Seventh Circuit really touched in it when they said highlighted Arizona began in Arizona began which is a huge Supreme Court case on a Fourth Amendment reasonableness as to a car search Gantt was driving on a suspended license and the Seventh Circuit said if driving on a suspended license was enough to eviscerate Fourth Amendment protection in and expectation of privacy Gantt would have been an easy case never would have gotten to the Fourth Amendment you wouldn't have an x-ray test if you own the car right under that that logic right but Gantt was driving on a suspended license the court did not even look into the issue about whether that would resolve that would eviscerate standing at all it went on to the whether the search was reasonable driving on a suspended license was not the issue because driving on a suspended license as the Supreme Court also said in Byrd is not tantamount to a thief or a burglar plying its trade it does not equate to that but the government keeps saying that mr. Cohn was unauthorized that's under the rental car agreement our position is Byrd foreclosed that using the term unauthorized as to mr. Cohn under the facts he was clearly allowed to drive the vehicle so he was authorized to drive the vehicle so the only issue left is whether driving on a suspended license removes standing and as I think the Supreme Court clearly intimates in Gantt is that's not part of the analysis of a Fourth Amendment merely driving on a suspended license and very quickly as to the the impound essentially the government's position is you you can do away with the standardized criteria as long as it's reasonable that's not what the Supreme Court said the police have to follow the standardized criteria and judge Wilson was correct there was no evidence about why the police deviated from the criteria that's all I have thank you your honor